**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LORI E. GRAINGER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FIRST STUDENT INC.,**<br><br>**Defendant.** | **Case No. 3:26-CV-1451-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Lori Grainger, proceeding *pro se*, filed this action under Title VII of the Civil Rights Act of 1964 against her former employer, Defendant First Student Inc., alleging that First Student retaliated against her for reporting race discrimination. (Doc. 3). Grainger claims that First Student terminated her employment after she reported her concerns, and that First Student's rationale for her termination is pretextual. (*Id.*). The matter is now before the Court for review of Grainger's Complaint (Doc. 3), Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4), and Motion for Service of Process at Government Expense (Doc. 5).

Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without prepaying the required costs and fees by submitting an affidavit asserting her inability to pay the fees, the nature of the action, and the affiant's belief that she is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of

her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Upon review of Grainger's Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4), the Court is satisfied that she is indigent. Grainger reports, under penalty of perjury, that she is unemployed and has no income. (*Id.*). She receives $1,000 per month in unemployment compensation and currently has $1,711.95 in a checking account that belongs to her. (*Id.*). At the same time, Grainger owns no assets of value, she owes $960 per month for her car payment, and she has credit card debt totaling $15,000. (*Id.*). Due to her unemployment, other household members have been paying the mortgage, utilities, and other household bills. (*Id.*). Based on this financial information, the Court finds that Grainger is indigent under 28 U.S.C. § 1915(a)(1).

Under § 1915(e)(2), the Court must now screen Grainger's Complaint and dismiss the Complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

In reviewing the Complaint, the undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to

relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Upon review of Grainger's Complaint, the Court finds that it passes preliminary review under § 1915(e)(2). Grainger alleges that she operated a school bus as a commercial driver for First Student. (Doc. 3). In February 2025, after she raised concerns that African-American employees were being treated differently and that management decisions were being affected by race, Grainger was placed on paid administrative suspension while First Student investigated her allegations. (*Id.*). Grainger returned to work on March 10, but was terminated on March 20, allegedly for failure to answer her two-way radio on several occasions. (*Id.*). Grainger disputes First Student's rationale for her termination and asserts that it is merely pretext. (*Id.*). She claims the true reason for her termination was her opposition to First Student's race discrimination. (*Id.*). Because the Complaint is not frivolous, malicious, or obviously fails to state a claim, Grainger's Motion to for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is **GRANTED.**

Grainger's Motion for Service of Process at Government Expense (Doc. 5) is also **GRANTED**. Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, at the plaintiff's request, the court must order that service be made by the United States Marshals Service

("USMS") if the plaintiff is proceeding in forma pauperis. The Court therefore **DIRECTS** the Clerk of Court to provide Grainger with a USM-285 form. Grainger is **ORDERED** to return the completed form to the Clerk of Court along with the completed summons. Upon receipt of the completed USM-285 form, the Clerk is **DIRECTED** to prepare and issue a service packet consisting of the summons, USM-285 form, and a copy of the Complaint to the USMS. The Court **DIRECTS** the USMS, upon receipt of these documents, to serve a copy of the summons and Complaint upon Defendant in any manner consistent with Rule 4, as directed by the Plaintiff.

Finally, Grainger is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate her whereabouts. This shall be done in writing and no later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 30, 2026**

Nancy J. Rosenstengel

**NANCY J. ROSENSTENGEL**
**United States District Judge**